IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY ANDREW PIATEK,                )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   No.  05 C 5788
                                    )
AMERICAN INCOME LIFE INSURANCE CO., )
et al.,                             )
                                    )
            Defendants.             )

## MEMORANDUM OPINION AND ORDER

Larry Andrew Piatek ("Piatek") spins an amazing tale--one that involves deliberate fraud on the part of his targeted defendants and on the part of Piatek himself in the sale of insurance under various false names, necessitated by Piatek's criminal background that barred him from being licensed under his own name.[1] Piatek wants to collect commissions on those sales.

Because Piatek seeks in forma pauperis status, this Court looks not only at his financial condition but also at whether he has advanced any legally non-frivolous claim under the standards marked out by Neitzke v. Williams, 490 U.S. 319, 325 (1989) and

---

[1] Piatek sues as an inmate incarcerated at Wisconsin's Waupun Correctional Institution, although he doesn't refer at all to the conviction that led to his current housing. What instead gave rise to the fraudulent scheme just briefly summarized in the text of this opinion, and spelled out in detail in the course of his handwritten 19-page Complaint, was his service of a ten-year term at California's San Quentin State Prison following his guilty plea to five counts of assault with a deadly weapon with great bodily injury (that guilty plea resulted in the contemporaneous dismissal of the other charges in the indictment, which asserted an alleged conspiracy to transport and distribute 150 kilograms of cocaine).

reconfirmed in <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992). This opinion therefore turns to the latter question.

To begin with, Piatek really has not established the existence of federal jurisdiction. Although the introductory portion of his Complaint refers to purported "federal claims" that would give rise to subject matter jurisdiction "pursuant to 28 U.S.C. §1331 and 1343," no substantive federal claims are even suggested by his allegations.

As for the possibility of jurisdiction based on diversity of citizenship, it is unclear whether Piatek's state of citizenship that preceded his involuntary housing at Waupun was in Illinois or Wisconsin, and one of his defendants--Joseph Menone--is identified in Complaint ¶5 as the state general agent for codefendant American Income Life Insurance Co. "in Wisconsin and Northern Illinois." If Piatek and Menone share citizenship in either Wisconsin or Illinois, as cannot be ascertained either way from the Complaint, that would of course negate the necessary total diversity and destroy any prospect of federal jurisdiction.

But this Court need not pursue the latter inquiry, for Piatek's Complaint is dead in the water for another and wholly independent reason. There is no question that the entire arrangement on which Piatek seeks to sue was hopelessly illegal, and that sounds the death knell for Piatek's effort to collect for his activities under the illegal arrangement. As the

Illinois Supreme Court said in Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 121-22, 619 N.E.2d 732, 738 (1993):

> A plaintiff is precluded from recovering on a suit involving an illegal contract because the plaintiff is a wrongdoer. (See Bankers Trust Co. v. Litton Systems, Inc. (2d Cir. 1979), 599 F.2d 488, 492 (citing the Restatement of Contracts and Restatement (Second) of Contracts).) Enforcement of the illegal contract makes the court an indirect participant in the wrongful conduct. See Litton, 599 F.2d at 493.

And as stated in Ill. State Bar Ass'n Mut. Ins. Co. v. Coregis Ins. Co., 355 Ill.App.3d 156, 164, 821 N.E.2d 706, 712 (1st Dist. 2004)(citations omitted):

> For instance, if the subject matter of a contract is illegal, that contract is void ab initio.[2]

Accordingly Piatek's Complaint and this action are dismissed with prejudice. That spares Piatek the obligation to pay the $250 filing fee in accordance with the prisoner-related provisions of 28 U.S.C. §1915.

*[signature]*
Milton I. Shadur
Senior United States District Judge

Date: October 11, 2005

---

[2] [Footnote by this Court] What has just been stated in the text would apply if Wisconsin law were instead to furnish the rules of decision, for the in pari delicto principle is universally applicable.

3